# Exhibit A

# to Joint Motion

## COMPROMISE AND SETTLEMENT AGREEMENT

This *Compromise and Settlement Agreement* (the "*Settlement Agreement*" or "*Settlement*"), dated as of February 26, 2009, is entered into by and between the Chapter 11 estates of Aegis Mortgage Corporation, Case No. 07-11119; Aegis Wholesale Corporation, Case No. 07-11120; Aegis Lending Corporation, Case No. 07-11121; Aegis Correspondent Corporation, Case No. 07-11125; Aegis Funding Corporation, Case No. 07-11122; Aegis Mortgage Loan Servicing Corporation, Case No. 07-11128; Aegis Loan Servicing, L.P., Case No. 07-11129; AMC Insurance Agency of Texas, Inc., Case No. 07-11132; Solutions Settlement Services of America Corporation, Case No. 07-11126; Solutions Title of America Corporation, Case No. 07-11130; and Aegis REIT Corporation, Case No. 07-11123, (collectively the "*Debtors*" and with respect to their cases, the "*Chapter 11 Cases*"), Cerberus Capital Management, L.P. ("*Cerberus*" and collectively with Aegis Mortgage Corporation and Aegis Wholesale Corporation, the "*Defendants*"), the Official Committee of Unsecured Creditors of the Debtors (the "*Committee*"), on the one hand, and Marcia Rommel and Lawonda Williams (collectively the "*Class Representatives*"), on behalf of themselves and on behalf of the individuals named on **Exhibits B** and **C** hereto (the Class Representatives and the persons listed on **Exhibits B** and **C** hereto are collectively referred to as the "*Class Members*" or the "*Class*"), on the other hand. The Debtors, the Committee, Cerberus and the Class Members will collectively be referred to hereafter as the "*Parties*".

This Settlement Agreement is made with respect to the following recitals:

A.     Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*") on August 13, 2007, initiating the Chapter 11 Cases which are being jointly administered under Case Number 07-11119 (BLS), in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*").

B.     On or about August 20, 2007 the Class Representatives filed a class-action complaint (the "*Complaint*"), commencing an adversary proceeding (the "*WARN Action*") against the Defendants, on behalf of themselves and purportedly on behalf of the Class Members, alleging that the Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "*WARN Act*") by ordering plant closings and/or mass layoffs on or about August 7, 2007 and thereafter, without providing sixty days advance notice thereof. The Class Representatives further asserted that, as a consequence of this alleged failure, the affected employees have an administrative priority claim pursuant to § 503(b)(1)(A) against Aegis Mortgage Corporation and Aegis Wholesale Corporation for damages for the alleged sixty-day violation period. The WARN Action is entitled *Marcia Rommel and Lawonda Williams, on their own behalf and on behalf of all other persons similarly situated, v. Aegis Mortgage Corporation, Aegis Wholesale Corporation and Cerberus Capital Management, L.P.* which is presently pending in the Bankruptcy Court as Adversary Proceeding No. 07-51693 (BLS);

C.     On or about January 29, 2008, the Committee intervened in the WARN Action;

D.     The following former employees of the Debtors each filed individual proofs of claim in the Chapter 11 Cases based on the termination of their employment:

Thaddeus J. Sullivan; James Blair; Cynthia Goodmon; Brent Westbrook; Jeanine A. Noonan-Frank; Kimberly Fouts; Daniel Fouts; Kathleen J. Kerstetter; Michael A. Changet; Matthew Kiker; Sharon Reardon; Jordana B. Talsma; Jeanine Thomas; Donald W. Cargile; Dianne Watters; Madeline Jones; Patsy R. Jones; Julie Purcell; Roberta L. Pirkl; Peggy Amico; Annette Baez; Angela Marie Willingham; Martha Linda Lara; Anthony Santelli; Lisa M. Gomez; Richard A. Payer; Mary Holderman; Gregory Z. Oberholzer; James Hudson; Judy A. Duplessis; Carrie T. Jones; Kayren R. Owen (f/k/a Kayren Owen-Ryland); Christine G. Sellew; Chavone M. Johnson; Laura Thigpen; William Risho; Melissa Thames; Martha C. Leon; Rozanne Ribble; Terry Lenga; Mae D. Castor; Elizabeth Collins; Laura Luna; Beth S. Heiman; Gabriela E. Morales; Brian Loos; Yvonne Munoz; Carlos Rembao; Norman Feaster; Susan Haworth; Jennifer Mcdonald; Barney Ashley; Anthony Amico; Lindsey Parker; Jacqueline M. Law; Eloise Nungaray; Ann Price; James Banowsky; Stephanie C. Gepner; Margaret A Hopko; John Peacock; Shunnia Brisco; Franklin Jensen; Brenda Kay Hernandez; Stephen John Barber; Kimberly Hammer-Krok; Geneva Long; Lisa Montney; Kenneth Noel; Ali Perez; Connie Flemings; Karen Godbold; Monica Benis; Daniel Smith; Beth Holum; Joyce Wronski; Angela Bimberg; James C. Cain; Elizabeth Reiter; Lely Beitner; Spencer K. Vick; Kim Connolly; Michael W. Maloney; Cynthia Wilson; Azam Siddiqui; Salena D. Accardo; Mohammed Faizan Atiq; Susan Harwell; Derek Duval; Shanta G. Mossey; Kelly Kern; Nancy Quinn; Maria Sabater; Johnny Gonzales; Mary Gullekson; Stephanie Callaway; Russell Kern; Desiree Railey; Robert Nicholas; Dontai J. Cole; Yuet Tang; Robbie Freeman; Liesl Egnew; Joann Schaening; Hack Lawrence; Caderius Lane; Brooke Madden; Deanne Wilson; Tina Hendricks; Maria L. Robitaille; Chris Pearson; Elaine M. Wright; Mark E. Prasatik; Chasity Watson; Robert A. Mcgimsey; Bobby Welch; Elaine Meninger; Veronica M. Lara; Marius Dumitru; Karen Brown; Karen Lupomech; Russell A. Comeaux; Tricia Reid; David M. Hardy; Cindy Earnest; Al-Efranjei Kholoud; David Mcknight; Amanda (Maiden Name: Roy) Connors; Marcia Rommal; Arthur Bacol; Marane (Maiden Name Tulio) Evans; Latisha Bailey; Deborah Jaggears; Christopher Ramirez; Andrew S. and Linda W. Hubbard; Christi Ozan; Gail Liebman; Cary B. Schulz; William Assaf; Marylou Lovell; Anita Revelle; Yvette Kelley; Timothy Wade; Katie Jackson-Allen; Monica Stephens; Trymeka Mccoy; Tania Hernandez; Adam Winters; Druit Gremillion; Julianna Caggiano; Paula J. Johnson; Gerges Gad; Pamela Schliep; Paul James Waligura; Angel L. Landry; John Bishop; Elaine K. Lara; Deborah Williamson; Tonya Caldwell; Eric Benoit; Marides N. Garcia; Timothy Coyle; Maria Ruiz; William Roop; Sharon Harris; Debra K. Cline; Felicia Harper; Justin Kastner; Charlotte M. Gray; Mark Walls; Daniel Lopez; Sharon Mooney; James Day; Shawna Marie Callaghan; Janice Davis; Barbara Morton; Walker Nicole; Crystal Beers; Shella Rasco-Sanders; Lenin Flores; Brenda Dempsey; Debra Hess; Myra C. Ayala; Edward Dawson; Brian A. Kerr; Troy Dierks; Nancy Smith; Molly Parker Scarbrough; Kevin K. Gakure; Dorothy Bibbs; Joanne Hogan; Diane Keigley; Bonnie Bryce; Kyle Hilton; Joseph C. Muras; Kristi Nesbit; Petrena Jones-Goldsby; Michele Wynot; Katina Hadnott; Lucresha Cunningham-Nard; Karen Saldate; Christina Kill; Thompson Sandra; Michele Emond; Juan Surratt; Brovitch-Kropp Carole; Powell Laurie; Lydia C. Villanueva-Barrios; Jennifer Brown; Susan Perdue; Mariano Blas Andrada; Christine A. Ramos; Isolde Armintor; Gary L. Booth; Tangie Able; David Walling; Ronald Portz; Nadia Harris; Hossein Nahid; Nigel Laddie; Bernadette Woodson; Tiffany Welch; Bernice Soto; Kimmie Bui; Julietta Pisano; Karan Brantley-Nehman; Lina Cara; Solomon Stephens; Barbara Degregory; Hagen Ronald; Ryan Nelson; Brian Kaloust; Mechelle Dessart; Joseph Jenkins; Misty Milligan; Amy L. Mandart; Jennifer Bukowski; Janet Ryerson; Anthony Laidlaw; Mason Buckles; Lori Lulkovich; Louise

Phillips; Patricia Mcgowan; Kristie Armstrong; Jacqueline Coolidge; Terri Eckles; Mahalia G. Brewer; Janice Crayton; Shelby Washington; Denise Laing; Lisa Conley; Diana Alexander; Laura Wahl; Corinne Shervheim; Lepage Stacey; Kimberly J. Andrusyna; Jean Mccartney; Darla Mattis; Jasen Adams; Dinah Nichols; Kerry Cox; Charles Dunn; Daniel Lynch; Patricia Jones; Susan Doerr-Yorck; James Liechty; Denise Saenz; Dawn Taylor; Phillip Casbon; Cassandra Echols; Tammy Troyer; Edward Bisnett; Terrie A. Gibbons; Michael Hickey; Johnnie Natale; Yusuke Morita; Becky Stahlecker; Benjamin D. Fair; Brooke Spears; Andrea Talley; Kathy Horan; Mialki Joseph; Faith Maestro; Linda S. Marra; Masterson Brendan; Ryan Caruthers; Paul Armistead; Brian Henderson; Raul Campos; Angela L. Day; Elizabeth Mckinley; Jeffrey Nelson; Will Pendleton; Nicole D. Franks; John C. Wright; Jeffrey Trusheim; Tanya Carter; Carla Lyles; Eric St Amant; Peter P. Jr. Castelluccio; Donna J. Jones; Glen Frederickson; Cheryl Kirk; David N. Domma; Georgia L. Green; James Walton; Margie Gaskamp; Heather Sanchez; Darlene Neal; John Rexer; Marjorie Toombs; Sanborn-Lutjen; Melissa Gustamantes-Geiger; Imogene Y. Palacios; Jennifer Lingerfelt; Andrea Combs; Rafaela Garcia; Colleen Susan Reilly; Joanne Sale; Lisa J. George; Scott Kania; Mary Cwiklinski; Connie Brown; Olivia Pearce; Janice Cholewa; Socrates Aramburu; Ciji (Now Coen) Turner; Bertha Henry; Kathleen M. Barr; Gloria Phillips; Melissa Travis; Christine Rembao; Pauline Davila; Mandi Plaha; Arlene Gomez; Irma Tamayo; Angela Garland; Loreen King; Frank J. Miraglia; Michelle Lamm; Kimberly Felten; Robert Saunders; Terri Liebegott; Aaron J. Wallace; Mary Filley; Colette Romo-Morrison; Terri Banes; Deborah R. Romano; Jessica Lopez; and Patrick Davis.

To the extent these individual claims relate to or are based on the WARN Act or severance pay or benefits arising out of the termination of the Class Members' employment, including, but not limited to: (i) claims asserted or that could have been asserted in the WARN Action; and (ii) any other claims for severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation, they are referred to herein as (the *Individual WARN Claims*").

E.    The Parties recognize and agree that:

1.    The question of whether the WARN claims asserted in the Complaint and the Individual WARN Claims, if allowed, would be entitled to wage priority or administrative priority treatment involves unsettled legal issues;

2.    Voluntary and unconditional payments made by the Debtors to or on behalf of former employees would reduce any potential liability of the Debtors under the WARN Act; and

3.    Any priority payments to former employees based on a WARN claim could convert prior payments made to or on behalf of former employees to avoidable preferential transfers.

F.    Subject to certain exceptions, the WARN Act requires employers having 100 or more full-time employees to provide written notice of a "plant closing" (as defined by the WARN Act), if the shut-down results in an "employment loss" (as defined in the WARN Act) during any 30-day period for 50 or more employees at a single site of employment, excluding "part-time employees" (as defined in the WARN Act);

G.     The Defendants and the Class Representatives disagree as to whether the Defendants have liability under the WARN Act and as to the proper scope of the alleged Class. Relying on the definition of a "plant closing" found in 29 U.S.C. §2101(a)(2) that requires the layoff at least 50 employees excluding part-time employees, Defendants had urged that the Class Members who worked at facilities with fewer than 50 employees ("***Small Facility Employees***") were not protected by the WARN Act. The weight of authority supports Defendants' contention. See Williams v. Phillips Petroleum Co., 23 F. 3d 930, 934-935 (5th Cir.), cert denied, 513 U.S. 1019 (1994)(holding that only employees of facilities with 50 or more full time employees are protected by the WARN Act). But cf., Kirkvold v. Dakota Pork Industries, Inc., CIV 97-4166, Dist. S.D. Dec. 15, 1997 (unreported decision holding that employees of a "small" facility closed as the foreseeable consequence of the closure of a "large" facility were protected by the WARN Act, citing 29 U.S.C. §2101 (a)(5)). In light of this authority, there was a substantial likelihood that based on Williams, the Small Facility Employees' claims would be dismissed on summary judgment. In addition, there are several statutory exceptions to liability under the WARN Act. For example, the Defendants have asserted that they satisfy the requirements of the "faltering company" and/or "unforeseeable business circumstances" exceptions under the WARN Act, which the Defendants further assert can excuse notice or reduce the time such notice must be provided to the employees. The Class Representatives dispute that these defenses apply;

H.     Even if the faltering-company or unforeseeable business circumstances exceptions to the WARN Act do not apply, the Defendants have asserted that they are nonetheless entitled to a statutorily-provided reduction of damages based on their good-faith belief that they fell under the faltering-company and/or unforeseen business circumstances exceptions or that the provisions of the WARN Act were otherwise satisfied or did not apply. The Class Representatives dispute this;

I.     The Class Representatives contend that Defendants were a "single employer" for purposes of the WARN Act. Defendants dispute this.

J.     There exist significant, complex legal and factual issues regarding the application of the WARN Act and the various cases and regulations interpreting the WARN Act and regarding the viability of the WARN Action. To avoid extensive, costly litigation over these issues, the Debtors, Cerberus, the Committee and the Class Representatives, on their own behalf and on the behalf of the Class Members, through their counsel, Lankenau & Miller, LLP, The Gardner Firm, P.C., and Margolis Edelstein, cooperating attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice (collectively "Class Counsel") have engaged in significant negotiations regarding a possible consensual resolution of the Individual WARN Claims, the Complaint and all related claims (collectively sometimes referred to herein as the "WARN Act Litigation"). As a result of these negotiations, the Parties have agreed to enter into this Settlement Agreement;

K.     The WARN Act provides that attorneys fees may be awarded to the prevailing party in a WARN action;

L.     Class Counsel asserts that each of the Class Representatives, in retaining the undersigned Class Counsel, have agreed to pay counsel legal fees equal to one-third of his/her recovery;

M. The Class Representatives support the settlement of the WARN Act Litigation pursuant to the terms of this Settlement Agreement;

N. Class Counsel asserts that a class consisting of the Class Members, because it is comprised of approximately 1142 persons, is so numerous that joinder of all members is impracticable, satisfies the numerosity requirements of Rule 23(a) of the Federal Rules of Bankruptcy Procedure as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure;

O. Class Counsel asserts that the issues common to the claims of the members of the Class constitute virtually all the issues affecting their rights and thus predominate over the issues that are not common;

P. Class Counsel asserts that the claims of the Class Representatives are typical of the WARN claims of the Class in that the WARN claims of the Class Representatives arose from the same course of conduct that gave rise to the WARN claims of the Class;

Q. Class Counsel asserts that the determination of the claims of some but not all Class Members would prejudice the claims of the remaining Class Members;

R. Class Counsel asserts that Lankenau & Miller, LLP and The Gardner Firm, P.C. have collectively been appointed as class counsel in over 40 WARN actions;

S. Class Counsel asserts that they are experienced in handling class claims under the WARN Act in bankruptcy courts, having brought and prosecuted over 130 WARN claims (most of which were in bankruptcy cases) and that Class Counsel has provided and will provide adequate representation to the Class;

T. Class Counsel asserts that the customary attorneys' fee in WARN matters is a one-third contingency fee payable from the recovery on such claims and the proposed fee provided herein is approximately thirty percent the recovery of the Class' WARN claims;

U. Class Counsel asserts that but for the legal services they provided, the Class Members would not have had any recovery on their WARN claims;

V. Class Counsel asserts that they have expended substantial time in prosecuting the WARN claims of the Class Members and the legal fee provided herein is fair and reasonable under the circumstances; and

W. The Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, arising from the Individual WARN Claims, the Complaint, and for severance pay or benefits arising out of the termination of the Class Members' employment of whatever type or nature.

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.      This Settlement Agreement is subject to, and conditioned upon, issuance of a final order by the Bankruptcy Court approving the Settlement Agreement, after notice and hearing to creditors and parties in interest, in accordance with applicable law and local rules. The order shall be deemed final when 11 days have elapsed from entry of the Bankruptcy Court's order approving the settlement with no notice of appeal filed or after the Bankruptcy Court order approving the settlement is finally affirmed on appeal, whichever first occurs (hereinafter "Final Order"). Upon entry of the Final Order approving the Settlement Agreement in the form attached hereto as **Exhibit A**, or in substantially similar form acceptable to the Parties, and the execution of this Settlement Agreement by the Parties, this Settlement Agreement shall be final and binding; provided, however, that in the event that the Debtors or Cerberus determine that the number of Class Members that opt-out of the Settlement Agreement is greater than 50, either the Debtors or Cerberus may, upon consultation with the Committee, elect to terminate the Settlement Agreement by providing written notice to Class Counsel within twenty (20) days after the expiration of the right of the Class Members to opt-out of the Settlement Agreement. In the event that a Final Order approving this Settlement Agreement in the form acceptable to the Parties, is not entered, or the Debtors or Cerberus elect to terminate this Settlement Agreement based on the number of opt-outs: (a) the Settlement Agreement and the recitals contained herein shall be without force or effect, and neither this Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (b) neither the motions to obtain an order approving this Settlement Agreement nor any of the pleadings filed in support of the motions shall be admissible in any proceeding involving the Parties; and (c) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

2.      The *Effective Date* of this Settlement Agreement shall be the date upon which all of the following have occurred: (i) the Final Order has been entered; (ii) the Parties have executed this Settlement Agreement; and (iii) 21 days have elapsed after the expiration of the right of the Class Members to opt-out of the Settlement Agreement and the Debtors or Cerberus have not elected to terminate the Settlement Agreement.

3.      Pursuant to the terms of this Settlement Agreement, and upon the Effective Date, the amount of $1,100,000 (the "*Settlement Payment*") shall be paid to Class Counsel.

4.      Class Counsel shall make distributions from the Settlement Payment in the amounts required by this Settlement Agreement and shall have the option to engage a third-party acceptable to the Parties to issue all notices to the Class Members, disbursement checks and 1099 Forms.

5.      Class Counsel shall bear the cost and the ultimate responsibility for the preparation of distribution checks and the production and mailing of all notices to be required for the Class Members (the "*Class Notices*"). In addition, Class Counsel shall certify that such 1099 Forms have been properly mailed to all Class Members with the disbursements made pursuant to this Settlement Agreement. The address of Class Counsel will be used as the return address for the Class Notices and checks mailed to the Class Members.

6.      As noted above, Class Counsel shall bear the cost and responsibility of the preparation and distribution of the Class Notices. Class Counsel's address will be used as the return address for the Class Notices so that any returned Class Notices will be returned to Class Counsel. Class Counsel shall mail the Class Notices by first class mail to Class Members at the addresses listed on **Exhibits B and C** hereto no later than 10 business days after preliminary approval of this Settlement by the Bankruptcy Court. The Class Notice shall be in substantially the form annexed hereto as **Exhibit D** or such substantially similar form as may be approved by the Bankruptcy Court.

      (a)      The Class Notice shall contain the following information, which shall be individualized for each Class Member:

- That each Class Member has the right to opt out of the Class and preserve all of her/his rights against the Debtors and Cerberus, if any (all such opting out Class Members, the "***Opt-Outs***");

- The last date such Class Member was paid, the office location to which the Class Member was assigned as of the date of his/her termination, and the Class Member's annual salary or year to date income at the time of termination, depending on whether the Class Member was a salaried or hourly employee;

- That the Settlement Agreement shall become effective only if it is finally approved by the Bankruptcy Court;

- That the Settlement shall be effective as to all Class Members who do not opt-out of the Class; however, if the Bankruptcy Court does not approve the Settlement Agreement, or if more than 50 of the Class Members opt-out and the Debtors or Cerberus exercise their option to withdraw from the Settlement Agreement, the Settlement Agreement shall not become effective;

- The projected dollar amount such Class Member would receive under this Settlement Agreement, before attorneys' fees as well as an estimate of such net payment after attorneys' fees are deducted;

- That such Class Member has the right to object to this Settlement Agreement, to retain counsel and be heard at the Fairness Hearing;

- That all released Claims (as that term is defined in section 21 herein) of a Class Member shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

7.      The Debtors represent that to the best of their knowledge, information and belief, the information contained in **Exhibits B and C** hereto accurately reflects the contents of its books and records as to each Class Member, as follows: (i) the last known mailing address at

the time of termination (unless the employee has provided a change of address to the Debtors); (ii) the 2007 wages (or year to date wages at the time of termination) of each Class Member; and (iii) the date of termination of the Class Member's employment.

8.      A Class Member may object to this Settlement Agreement by sending timely written notice of such objection (a "Notice of Objection") to a) Class Counsel, attn: Mary Olsen, Esq., 1119 Government Street; Mobile, AL 36604; b) the Debtors' counsel, attn.: Kenneth H. Brown, Pachulski, Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111; c) Cerberus' counsel, attn.: David M. Wissert, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068 and d) Committee's counsel, attn.: Mark T. Power, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and filing such Notice of Objection with the Bankruptcy Court so that it is received by all of the above no later than ten days prior to the date fixed by the Bankruptcy Court for the Final Fairness Hearing. Such objection shall clearly specify the relief sought and the grounds for such relief.

9.      Any Class Member may opt-out of the Class by mailing to Class Counsel, at the address noted above, the completed and executed Opt-Out Notice Form, attached to the Class Notice as **Exhibit D** hereto (and which shall be attached to the Class Notice) so that it is received by Class Counsel no later than fifteen days prior to the date fixed by the Bankruptcy Court for the Final Fairness Hearing. Upon the receipt of such timely notice by Class Counsel, such Class Member shall be classified as an Opt-Out. Within three days of the expiration of the last day to opt-out, Class Counsel shall provide to counsel for the Debtors, the Committee, and Cerberus a list of the Class Members who have timely returned an Opt-Out Notice Form.

10.     If a Class Member does not wish to be bound by this Settlement Agreement, such Class Member must timely opt-out of the Class by returning a completed and executed Opt-Out Notice Form as described in the paragraph above. Otherwise, if and when the Settlement Agreement becomes effective, all Class Members who have not opted out shall be bound by the terms of this Settlement Agreement.

11.     Notwithstanding anything to the contrary in this Settlement Agreement, nothing contained herein shall release or impair the rights and claims, if any, of the Opt-Outs, nor shall anything contained herein affect the defenses and offsets that Cerberus and the Debtors and their estates, their respective subsidiaries, affiliates, successors or any of their present or former officers, directors, employees, agents, lawyers, consultants, stockholders or members of any thereof, may have against any such rights or claims.

12.     Class Counsel shall provide each Class Member with a written explanation of the tax consequences of accepting disbursements pursuant to the Settlement Agreement and the deduction of the fees of Class Counsel. Such written explanation shall be included with each disbursement check to the Class Members and shall be in the form of **Exhibit E**, attached hereto.

13.     Class Counsel is hereby recognized as class counsel for the Class Members, in pursuing claims against Defendants for violations of the WARN Act and in settling such claims and any other claims of the Class Members for severance pay or benefits, and is entitled to attorneys' fees in the amount of $328,500 (i.e., thirty percent) from the Settlement Payment as payment in full for their work in connection therewith. Class Counsel may deduct

from the Settlement Payment the attorneys' fees pursuant to this Settlement Agreement prior to the distribution of funds from the Settlement Payment to the Class Members.

14. The Class Representatives are hereby recognized as the class representatives and shall each receive a one-time payment of $2,500 for the services they provided to the Class in connection with the prosecution of the WARN Action (the "*Service Payment*") which amounts shall be paid from the Settlement Payment. No attorney fees will be deducted from the Service Payment. Class Counsel shall distribute the Service Payment to the Class Representatives in addition to their individualized payments from the Settlement Payment described below.

15. The Class Members, including the Class Representatives are listed on **Exhibits B** and **C** attached hereto. The Debtors believe that the Class Members include all of the employees of the Debtors that are alleged to be "affected" employees, by reason of the purported plant closing or mass layoff that allegedly took place on or about August 7, 2007 and thereafter, and include all Debtors' employees terminated in connection therewith other than employees who are not entitled to participate in this Settlement Agreement because (i) the amount of severance pay that they received exceeds the amounts they would be entitled to under the WARN Act; or (ii) they voluntarily resigned from their employment with the Debtors (collectively, the "Ineligible Employees").

16. **Exhibit B** lists all of the employees of Aegis Mortgage Corporation and Aegis Wholesale Corporation that were employed at their Houston headquarters as of August 6, 2007, other than Ineligible Employees. **Exhibit C** lists all of Debtors' employees, at sites other than its Houston headquarters which sites employed less than 50 people as of August 6, 2007, employees of Solutions Title of America Corporation employed at the Houston headquarters, and the employees of Aegis Lending Corporation located in Mesa, Arizona who were terminated on July 2, 2007, other than the Ineligible Employees. Upon execution of this Settlement Agreement, the Parties consent that a class shall be certified in connection with the WARN Act Litigation and the motion to approve this Settlement Agreement, consisting of the individuals listed on **Exhibits B** and **C**; provided however that such class shall be certified for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

17. Upon the Effective Date, the Settlement Payment shall be made in a lump sum of $1,100,000 to Class Counsel and deposited into a trust account established by Class Counsel. The gross amount of the Settlement Fund to be distributed to Class Members, after payment of $5,000 in Service Payments to the Class Representatives and payment of attorneys' fees in the amount of $328,500 to Class Counsel, is $766,500 (the "*Common Fund*"). The Common Fund shall be allocated to each eligible Class Member, as follows:

(i) The Class Members (including the Class Representatives) listed on **Exhibit B** hereto shall receive distributions in the amounts set forth on **Exhibit B** hereto.

(ii) The Class Members listed on **Exhibit C** hereto shall receive distributions in the amounts set forth on **Exhibit C** hereto.

18.     The total amount to be distributed to the Class Members listed on **Exhibit B** is $628,550 which represents approximately 82% of the Common Fund after the payment of attorneys' fees to Class Counsel. The amounts to be paid to each Class Member listed on **Exhibit B** is derived by allocating the $628,550 pro rata to each Class Member listed on **Exhibit B** based on the maximum amount of their WARN claim.

19.     The total amount to be distributed to the Class Members listed on **Exhibit "C"** is $137,950 which represents approximately 18% of the Common Fund and is reflective of the weakness of the Small Facility Employees' WARN Act claims, as described in Recital G, above. The amounts to be paid to each Class Member listed on **Exhibit C** is derived by dividing $137,950 by the number of Class Members listed on **Exhibit C**. Therefore each Class Member listed on **Exhibit C** shall receive an equal amount.

20.     If settlement checks issued to Class Members remain uncashed as of the 241st day after the initial distribution (the "***Residual Funds***"), such funds shall be disbursed to The Impact Fund, a non-profit organization dedicated to employee rights. No portion of the Residual Funds will revert to the Debtors for any reason, or be retained by Class Counsel.

21.     Except for the rights arising out of, provided for, or reserved in this Settlement Agreement, upon the payment of the Settlement Payment to Class Counsel, the Class Members, for and on behalf of themselves, and their respective predecessors, successors assigns, affiliates and subsidiaries (collectively, the "***Releasing Parties***"), do hereby fully and forever release and discharge the Debtors, the Debtors' estates, and Cerberus, their current and former parents, subsidiary and affiliated entities, and their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "***Released Parties***"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Act or severance pay or benefits under any federal, state or local law or regulation arising out of the termination of the Class Members' employment by the Debtors, including, but not limited to: (i) all claims asserted or that could have been asserted in the WARN Act Litigation; (ii) the Individual WARN Claims; and (iii) any other claims for severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation; provided, however, that the following claims and/or rights shall not be released: (a) any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependant of a Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("***COBRA***"); (b) any prepetition claims for expense reimbursement; (c) any prepetition claims arising out of obligations of the Debtors unrelated to the WARN Act Litigation, the WARN Act, or severance pay or benefits; (d) rights, if any, unrelated to Class Members WARN claims, under the Debtors' 401(k) plans; and (e) any claims which the law clearly states may not be released by settlement. The claims released hereunder are referred to herein as the "Claims". The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder.

22.     Upon the payment of the Settlement Payment to Class Counsel, the Class Members agree that any claims that have been scheduled on behalf of, or filed by, the Class Representatives or the Class Members in the Chapter 11 Cases, on account of any alleged violation of the WARN Act or severance pay or benefits under any federal, state or local law or regulation, including, without limitation, the Individual WARN Claims are disallowed in their entirety and may be expunged from the Debtors' schedules or claims register, as appropriate.

23.     The Releasing Parties and Class Counsel acknowledge that they are familiar with, and/or, in the case of the Class Members, have been informed by the notice to the Class of the provisions of California Civil Code § 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

With respect to the Claims being released hereunder, the Releasing Parties waive and relinquish, to the fullest extent that the law permits, the provisions, rights, and benefits of California Civil Code § 1542 and other statutes, regulations or common law principles of similar effect. Such release, however, shall not release the Debtors' or Cerberus' obligations under this Settlement Agreement. The Releasing Parties hereby agree and acknowledge that this waiver and relinquishment is an essential term of this Settlement Agreement, without which the consideration provided to them would not have been given. In connection with such waiver and relinquishment, the Releasing Parties and Class Counsel acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein. Nevertheless, it is the intent of the Releasing Parties and Class Counsel in executing this Settlement Agreement fully, finally, and forever to settle and release all such matters, and all claims relative thereto, which exist, may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) which are the subject of the releases granted hereunder.

24.     Upon the Effective Date, Cerberus hereby fully and forever releases and discharges the Debtors and the Debtors' estates of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, for indemnity or contribution arising out of the claims alleged against it in the WARN Action.

25.     Approval of this Settlement Agreement by the Bankruptcy Court and payment of the Settlement Payment to Class Counsel, shall operate as a full release of the Released Parties by the Releasing Parties, including each Class Representative and each Class Member of all Claims. Upon entry of the Final Order and payment of the Settlement Payment to Class Counsel, all Claims are deemed settled, released and dismissed in their entirety, on the merits, with prejudice.

26.     If the Settlement Agreement does not become fully enforceable by the Parties, then the provisions of this Settlement Agreement shall be null and void and the Debtors, Cerberus, the Committee, or any other party-in-interest shall be free to object to and/or defend

against the Individual WARN Claims and the claims asserted in the Complaint or any other claims asserted by the Class Members. Execution of this Settlement Agreement by the Debtors, Cerberus and the Committee does not waive any defense or objection to any claims asserted or that may be asserted by the Class Members.

27.     The Debtors, Cerberus, the Committee and Class Counsel shall cooperate to cause a joint motion to be filed with the Bankruptcy Court for an order approving this Settlement Agreement ("***Settlement Motion***"). Debtors shall give notice to parties in interest other than Class Members.

28.     If any Class Member, including any Class Representative, timely and properly elects to opt-out of the proposed Class, that Class Member's rights and obligations will be unaffected by this Settlement Agreement and that Class Member will have the same rights and obligations as he or she would have had if the Complaint had never been filed and this Settlement Agreement had never been executed. Any Class Member that elects to opt-out shall not have an allowed claim against the Debtors by reason of this Settlement Agreement and shall retain his or her rights against the Debtors and Cerberus, if any. The Debtors, Cerberus and the Committee reserve all rights against any Class Member that opts-out. In such event, the Settlement Payment shall be reduced by such opting-out Class Members' share of the Common Fund as shown on **Exhibits B and C**.

29.     A dismissal with prejudice of the WARN Action shall be executed in a form agreeable to the Parties (the "Dismissal"). Class Counsel shall file the Dismissal with the Bankruptcy Court upon the entry of the Final Order. Dismissal of the WARN Action shall not abate or limit the effectiveness of the Final Order, including the releases set forth herein and the terms and conditions of this Settlement Agreement. The parties agree that the Bankruptcy Court shall retain jurisdiction to enforce the terms and conditions of this Settlement Agreement.

30.     Class Counsel agrees that it will not commence any litigation or assert any claims on behalf of any former employees of the Debtors who opt-out of the Settlement Agreement.

31.     The Parties agree that they are compromising and settling disputed claims. Each of the Parties shall bear their own attorney's fees, expenses and court costs. Each of the Parties agrees it shall not commence or continue any contested matter, adversary proceeding, lawsuit, or arbitration which contests, disputes, or is inconsistent with any provision of this Settlement Agreement.

32.     Neither this Settlement Agreement nor any of its provisions, nor evidence of any negotiations or proceedings related to this Settlement Agreement, shall be offered or received in evidence in the Chapter 11 Cases, or any other action or proceeding, as an admission or concession of liability or wrongdoing of any nature on the part of any of the Released Parties, or anyone acting on their behalf, and the Defendants specifically deny an such liability or wrongdoing. Nothing herein shall prevent any Party from seeking to offer this Settlement Agreement in evidence after the entry of the Final Order approving the Settlement Agreement by the Bankruptcy Court for the purpose of enforcing the terms of the Settlement Agreement.

33.     This Settlement Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Parties to the fullest extent under the law.

34.     This Settlement Agreement shall be construed pursuant to the laws of the State of Delaware and the United States Bankruptcy Code.

35.     This Settlement Agreement and the Exhibits hereto represent the entire agreement and understanding between the Parties as to the subject matter hereof and supersedes all previous agreements and discussions between the Parties as to the matters herein addressed. This Settlement Agreement can be amended or modified only in writing and signed by all the Parties hereto, subject to any necessary Bankruptcy Court or other approval.

36.     This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute but one agreement. This Settlement Agreement may be executed by facsimile, or PDF and such facsimile or PDF signature shall be treated as an original signature hereunder.

37.     This Settlement Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties. Each and every provision of this Settlement Agreement shall be construed as though each and every party hereto participated equally in the drafting hereof. As a result of the foregoing, any rule that the document is to be construed against the drafting party shall not be applicable.

38.     This Settlement Agreement is subject to and contingent upon the approval by the Bankruptcy Court. The Bankruptcy Court shall have exclusive jurisdiction to determine as a core proceeding any dispute or controversy with respect to the interpretation or enforcement of this Settlement Agreement.

39.     The Parties may not waive any provision of this Settlement Agreement except by a written agreement that all of the Parties have signed. A waiver of any provision of this Settlement Agreement will not constitute a waiver of any other provision. The Parties may modify or amend this Settlement Agreement only by a written agreement that all of the Parties have signed.

40.     This Settlement Agreement is intended to settle and dispose of claims which are contested and denied. Nothing herein shall be construed as an admission by any Party of any liability of any kind to any other Party.

[signature page to follow]

Date: _____, 2009


LANKENAU & MILLER LLP

ON BEHALF OF THE CLASS REPRESENTATIVES

AND THE CLASS MEMBERS


By: _____

       Stuart J. Miller, Esq.

       Mary E. Olsen, Esq.

       Class Counsel


PACHULSKI STANG ZIEHL & JONES LLP

ON BEHALF OF THE DEBTORS


By: _____

       Kenneth H. Brown, Esq.

       Debtors' Counsel

LOWENSTEIN SANDLER P.C.

ON BEHALF OF CERBERUS

CAPITAL MANAGEMENT, L.P.

By: _____

David M. Wissert, Esq.

Counsel for Cerberus Capital Management, L.P.


HAHN & HESSEN LLP

ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____

Mark T. Power, Esq.
Counsel for the Official Committee of Unsecured Creditors

# Exhibit A

# Settlement Agreement

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AEGIS MORTGAGE CORPORATION,[1] et al., | ) Case No. 07-11119 |
| | ) |
| Debtors. | ) |
| | ) Adversary Proceeding No. 07-51693 |
| MARICIA ROMMEL and LAWONDA | ) |
| WILLIAMS, on their own behalf and on behalf of | ) |
| all other persons similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AEGIS MORTGAGE CORPORATION, AEGIS | ) |
| WHOLESALE CORPORATION, and CERBERUS | ) |
| CAPITAL MANAGEMENT, L.P., | ) |
| | ) |
| Defendants. | ) |

Objection Deadline: [Date]
Hearing Date: March 18, 2009 at 2:00 p.m.

**FINAL ORDER APPROVING SETTLEMENT BETWEEN
THE DEBTORS, CERBERUS CAPITAL MANAGEMENT, L.P.,
THE COMMITTEE AND THE WARN CLASS PLAINTIFFS**

The Court has considered the joint motion dated [        ] of the above-captioned

debtors and debtors in possession ("Debtors"), Cerberus Capital Management, L.P. ("Cerberus"),

the Official Committee of Unsecured Creditors of the Debtors ("the Committee") and the

WARN Class Plaintiffs for an order approving the proposed Compromise and Settlement

---

[1] The Debtors in these cases are: Aegis Mortgage Corporation; Aegis Wholesale Corporation; Aegis Lending Corporation; Aegis Correspondent Corporation; Aegis Funding Corporation; Aegis Mortgage Loan Servicing Corporation; Aegis Loan Servicing, L.P.; AMC Insurance Agency of Texas, Inc.; Solutions Settlement Services of America Corporation; Solutions Title of America Corporation; and Aegis REIT Corporation.

Agreement (the "Settlement Agreement")[2] settling WARN Act class claims and certain other claims (the "Joint Motion"). The Court finds:

A.     The Court has entered an Order on [          ] granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for opting-out and objections to be given to all Class Members;

B.     Due notice has been given to the Class of the proposed Settlement Agreement, the right to opt-out of the Class, the right to object to the proposed Settlement Agreement and the right to appear in person or by counsel at the fairness hearing; and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances;

C.     The Court has held a fairness hearing on [          ] to consider final approval of the Settlement Agreement;

D.     All Class Members who did not exercise the right to opt-out of the Class are bound by this Order and the terms of the Settlement Agreement;

E.     The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure and the nine factor test the Third Circuit developed in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion or Settlement Agreement, as appropriate.

F.     The Settlement Agreement was negotiated at arms length and in good

faith, is fair equitable and in the best interests of the Debtors' estates;

G.     Other good and sufficient cause exists for granting the relief requested in

the Joint Motion.

## IT IS HEREBY ORDERED THAT:

1.     The Settlement Agreement, attached hereto as Exhibit "1," is

APPROVED as fair and reasonable.  The parties are authorized to implement its terms.

2.     Effective upon the payment of the Settlement Payment to Class

Counsel, any and all claims that have been scheduled on behalf of, or filed by, the Class or the

Class Members in these chapter 11 cases, for any alleged failure to provide adequate notice

under the WARN Act or arising out of the termination of their employment with the Debtors,

whether based on the WARN Act or any other federal, state or local law, regulation or ordinance,

including, without limitation, the Individual WARN Claims, are disallowed and expunged in

their entirety, including any and all such claims against Cerberus.

3.     Upon the payment of the Settlement Payment to Class Counsel,

this Order shall operate as a full and final release and discharge, by all members of the Class, that

do not opt-out of the Settlement Agreement, for and on behalf of themselves, and their respective

predecessors, successors assigns, (collectively, the "Releasing Parties"), of the Debtors, the

Debtors' estates, and Cerberus, their current and former parents, subsidiary and affiliated entities,

and their respective officers, directors, shareholders, agents, employees, partners, members,

accountants, attorneys, representatives and other agents, and all of their respective predecessors,

successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Act or severance pay or benefits arising out of the termination of the employment of the Class or the Class Members by the Debtors, including, but not limited to: (i) all claims asserted or that could have been asserted in the Individual WARN Claims, pursuant to the WARN Act and the Adversary Proceeding Complaint; and (ii) any other claims for severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation; provided, however, that the following claims and/or rights of the Class or Class Members shall not be released by this Order: (a) any claims for continuation of health or medical coverage, at the Class Members expense, or at the expense of a beneficiary or dependant of a Class Member, to the extent required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); (b) any prepetition claims for expense reimbursement; (c) any prepetition claims arising out of obligations of the Debtors unrelated to the WARN Act Litigation, the WARN Act, or severance pay or benefits; (d) rights if any, unrelated to the Class Members WARN claims, under the Debtors' 401(k) plans; and (e) any claims which the law clearly states may not be released by settlement. The claims released hereunder are referred to hereafter as the "Claims." All rights of the Debtors, the Committee and Cerberus to object to,

offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed under the Agreement, are expressly reserved.

4. Upon the Effective Date, Cerberus's claims, demands, liens, actions and causes of action, costs, expenses, attorneys' fees and damages against the Debtors and the Debtors' estates, if any, of whatever kind or nature, at law, in equity and otherwise, for indemnity or contribution arising out of the claims alleged against it in the WARN Action are fully and forever released and discharged.

5. Effective upon payment of the Settlement Payment, the Adversary Proceeding styled *Maricia Rommel and Lawonda Williams, on their own behalf and on behalf of all other persons similarly situated, v. Aegis Mortgage Corporation, Aegis Wholesale Corporation and Cerberus Capital Management, L.P.* which is presently pending in the Bankruptcy Court as Adversary Proceeding No. 07-51693 (BLS), is deemed dismissed with prejudice.

6. Nothing in this Order, the Settlement Agreement or any of the pleadings and papers filed in support of the approval of the Settlement Agreement constitute a waiver of any right of the Debtors, their estates or their successors or assigns, to assert against the persons listed on Exhibits "B" and "C" to the Settlement Agreement any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or nonbankruptcy claims.

7.     This Court shall retain jurisdiction, even after the closing of these

chapter 11 cases, with respect to all matters arising from or related to the implementation of this

Order.

Dated:   Wilmington, Delaware
         [       ] _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

# Settlement Agreement

# EXHIBIT

# FILED UNDER SEAL

# Exhibit C

# Settlement Agreement

# EXHIBIT

# FILED UNDER SEAL

# Exhibit D

# Settlement Agreement

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.[1] | ) | Case No. 07-11119 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| MARCIA ROMMEL and LAWONDA WILLIAMS, on their own behalf and on behalf of all other persons similarly situated, | ) ) ) | Adversary Proceeding No. 07-51693 |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | |
| | ) | |
| AEGIS MORTGAGE CORPORATION, AEGIS WHOLESALE CORPORATION, and CERBERUS CAPITAL MANAGEMENT, L.P., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Re: Docket No. [Click and type No.]
Objection Deadline: [Date]
Hearing Date: [                    ]

## NOTICE TO CLASS OF (A) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (B) CERTIFICATION OF A CLASS CONSISTING OF TWO SUBCLASSES OF WARN ACT CLAIMANTS FOR SETTLEMENT PURPOSES ONLY; (C) APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; (D) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT; (E) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING AND (F) RIGHT OF CLASS MEMBERS TO OPT-OUT OF THE CLASS ACTION

TO:    The former employees of defendants Aegis Mortgage Corporation and Aegis Wholesale Corporation (collectively, the "Debtor-Defendants")[2] and of the other above-captioned Debtors,

---

[1] The Debtors in these cases are: Aegis Mortgage Corporation; Aegis Wholesale Corporation; Aegis Lending Corporation; Aegis Correspondent Corporation; Aegis Funding Corporation; Aegis Mortgage Loan Servicing Corporation; Aegis Loan Servicing, L.P.; AMC Insurance Agency of Texas, Inc.; Solutions Settlement Services of America Corporation; Solutions Title of America Corporation; and Aegis REIT Corporation.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the *Joint Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to (i) Approve a Settlement Pursuant to Bankruptcy Rule 9019, (ii) Certify a Class Consisting of Two Subclasses of WARN Act Claimants for*

who were terminated without cause from their employment at the Debtors' facilities, including, without limitation, the Debtor-Defendants' Houston headquarters and other facilities (the "Facilities") during the period from August 7, 2007, or thereafter as part of or as the reasonably expected consequence of a mass layoff or plant closing at the Facilities and who have been identified as Class Members in this matter:

## INTRODUCTION

1.      There is currently pending in the United States Bankruptcy Court for the District of Delaware the above-captioned adversary proceeding (the "Class Action") brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.*, (the "WARN Act"). The Plaintiffs listed above (the "Class Representatives"), on the one hand, and the Debtor-Defendants, the above-captioned Debtors, Cerberus Capital Management, L.P. ("Cerberus"), and the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), on the other hand, have reached a proposed settlement of the Class Action (the "Settlement") under which the benefits described below will be provided to the members of the Class. The claims set forth in the Class Action were vigorously disputed by both the Debtor-Defendants and Cerberus, who raised real and material defenses (as described in more detail below). After extensive negotiations, the parties were able to negotiate in good faith to reach the proposed Settlement, which all parties, including Class Counsel, believe is fair and reasonable under the circumstances. This Notice provides notice to you of the terms of the proposed Settlement, so that if approved, it can be implemented and a cash payment made to you in accordance with the procedures set forth herein.

2.      This Notice constitutes notice to the Class of (a) the certification of the Class for settlement purposes; (b) the proposed Settlement of the Class Action; (c) a description of the proposed Settlement; (d) the date of court hearing for final approval of the Settlement; (e) the right of each member of the Class to object to or comment on the Settlement, and to appear at the hearing at which the Court will consider the final approval of the Settlement; and (f) the right of Class Members to opt-out of the Class.

## DESCRIPTION OF THE CLASS ACTION

3.      On August 20, 2007, the Class Representatives filed with the Bankruptcy Court a class-action complaint (the "Complaint"), commencing the Class Action against the Debtor-Defendants and Cerberus alleging that the Debtor-Defendants and Cerberus violated the WARN Act by ordering plant closings and/or mass layoffs on or about August 7, 2007 and thereafter, without providing sixty (60) days of advance notice thereof, and that in consequence of this failure, the affected employees have an administrative priority claim pursuant to § 503(b)(1)(A) of the Bankruptcy Code against the Debtor-Defendants consisting of their total wages and benefits for the sixty (60) day violation period. The Class Action is captioned,

---

*Settlement Purposes Only, Appoint Class Counsel and Class Representatives, and Preliminarily Approve the Settlement Pursuant to Bankruptcy Rule 7023, (iii) Approve the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (iv) Schedule a Fairness Hearing to Consider Final Approval of the Settlement; (v) Finally Approve the Settlement Pursuant to Bankruptcy Rule 7023 After the Fairness Hearing, and (vi) Grant Related Relief* (the "Joint Motion").

*Marcia Rommel and Lawonda Williams, On Their Own Behalf And On Behalf Of All Other Persons Similarly Situated, v. Aegis Mortgage Corporation, Aegis Wholesale Corporation, and Cerberus Capital Management, L.P.,* Adversary Proceeding No. 07-51693. The WARN Act requires an employer having more than one hundred (100) full-time employees to give its employees working at facilities having at least fifty (50) full-time employees at least sixty (60) calendar days' advance written notice before ordering a shutdown. An employer may give less than sixty (60) days' written notice if it can prove that certain defenses, as enumerated in the WARN Act, were applicable. But to avail itself of these defenses, the employer must still give as much notice as practicable and include in the notice a brief statement of the basis for less than sixty (60) days' notice. An employer who is found liable under the WARN Act can seek reduction of damages on the grounds that it believed in good faith that it was in compliance with the WARN Act and that it had reasonable grounds for that belief or that it paid wages and benefits during the violation period.

4. On or about October 18, 2007, Cerberus answered the Complaint, and on or about November 20, 2007, the Debtor-Defendants answered the Complaint. The answers of the Debtor-Defendants and Cerberus are referred to herein, collectively, as the "Answers." The Debtor-Defendants and Cerberus denied the material allegations of the Complaint and asserted multiple affirmative defenses, including the "unforeseeable business circumstances," the "faltering company," and the "good faith" defenses. The Answers raise the following issues, among others: (a) whether the Debtor-Defendants provided adequate notice to the Class Members; (b) whether such notice was defective; (c) whether the Debtor-Defendants were entitled to give less than sixty (60) days' notice because of reasonably unforeseeable business circumstances; (d) whether the Debtor-Defendants were entitled to give less than sixty (60) days' notice because, at the time notice would have otherwise been required, it was seeking new capital or business that it reasonably believed, if obtained, would have obviated or substantially postponed the plant closing or mass layoff; (e) whether such search for new capital or business was commercially reasonable under the circumstances; (f) whether the Debtor-Defendants and Cerberus have other defenses to the application of the WARN Act; (g) whether the employment losses suffered by the aggrieved employees were caused by the Debtor-Defendants' failure to obtain capital or business; (h) whether the Debtor-Defendants gave "as much notice as is practicable"; (i) whether the Defendants are entitled to a defense of "good faith"; (j) the computation of the amount of damages; (k) whether the Defendants are entitled to set-offs against damages for sums paid prepetition and postpetition to employees; (l) whether employees of the Debtor-Defendants at sites with less than 50 are entitled to WARN damages; (m) whether attorneys' fees are to be awarded to the Class Representatives and the Class if they prevail and whether such fees are entitled to administrative priority; (n) whether the damages are entitled to administrative priority under § 503(b)(1)(A) or wage or benefit priority under §§ 507(a)(4) or (5), respectively; and (o) whether Cerberus and the Debtor-Defendants constitute a "single employer" under the provisions of the WARN Act such that Cerberus is liable for some or all of the alleged damages.

5. On _____, the Court granted class certification for settlement purposes only (the "Class Certification Order"). The Class Certification Order provided for the creation of two distinct subclasses. The first subclass ("Subclass One") is made up of the employees of the Debtor-Defendants who were employed at Aegis' Houston headquarters as of

August 6, 2007, other than the Ineligible Employees (defined below). The second subclass ("Subclass Two") is made up of individuals other than the Ineligible Employees (defined below), who (i) worked at the Houston headquarters and who were employed by the Debtors, other than the Debtor-Defendants, and (ii) the employees of the Debtors and/or Debtor-Defendants who worked at sites other than the Houston headquarters.[3]

6.      The Class Certification Order also provides for (i) the appointment of Marcia Rommel and Lawonda Williams as Class Representatives for the Class; and (ii) the designation of Lankenau & Miller and the Gardner Firm, P.C. as counsel to the Class (collectively, "Class Counsel").

7.      Those Class Members who do not opt-out of the Class are eligible to share in the Common Fund (defined below) and are referred to herein as Eligible Class Members.

8.      Class Counsel has conducted extensive informal discovery, including examination of voluminous documents of the Debtors, and the interview of members of the Class. Class Counsel has also analyzed the applicable law and weighed the likelihood of success.

## THE PROPOSED SETTLEMENT

9.      The following description of the proposed Settlement is only a summary. In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control. You may secure a copy of the complete Settlement from Class Counsel, Mary Olsen, at the address shown for her below in Paragraph 24. The terms of the Settlement relevant to the Eligible Class Members may be summarized as follows:

## THE TERMS OF THE SETTLEMENT

10.     The Debtors shall pay $1.1 million ($1,100,000) (the "Settlement Payment") to Class Counsel within eleven days of the final approval date of the Settlement.

11.     Before any distribution to the Class Members, Class Counsel will make the following payments from the Settlement Payment:

a.      $2,500 will be paid to each Class Representative (the "Service Payment") as payment for the services they provided to the Class in connection with the prosecution of the WARN Action; and

b.      Thirty percent of the amount remaining after deduction of the Service Payments will be paid to Class Counsel (the "Class Counsel Fees").

---

[3] The Class One Class Members and the Class Two Class Members are also at times referred to herein collectively as the "Class Members."

12. After payment of the Service Payment and the Class Counsel Fees, Class Counsel will retain for distribution to Class Members the net amount of $766,500 (the "Common Fund").

13. The Common Fund will be allocated to each Eligible Class Member, as follows:

a. $628,550 to the Subclass One Class Members, representing approximately 82% of the Common Fund. The amounts to be paid to each Subclass One Class Member is derived by allocating the $628,550 pro rata to each Subclass One Class Member based on the maximum amount of their WARN claim.

b. $137,950 to Subclass Two Class Members representing approximately 18% of the Common Fund. This amount is reflective of the weakness of the Small Facility Employees' WARN Act claims. The amount to be paid to each Subclass Two Class Member is derived by dividing $137,950 by the number of Subclass Two Class Members. Therefore, each Subclass Two Class Member will receive an equal amount.

c. In calculating the maximum gross amount of the Subclass One Class Members' WARN claims, the daily rate of each individual Subclass One Class Member was determined by dividing the salaried Subclass One Class Member's annual wages by 365 and by dividing the hourly Subclass One Member's year to date wages by the number of calendar days in 2007 up to and including the last day worked by the employee. The number of days in the purported violation period was determined by subtracting the number of days of actual notice received by each Class Member from 60. Each Subclass One Class Member's maximum theoretical WARN claim was determined by multiplying each Subclass One Class Member's daily rate by the number of days in the violation period and subtracting from that amount the voluntary severance payments made by the Debtors to each Subclass One Class Member.

14. The Settlement will not become effective if the Court does not approve it or if more than fifty (50) Class Members opt-out of the Class and the Debtors or Cerberus, upon consultation with the Committee, exercises the option to terminate the Settlement. If more than fifty (50) Class Members opt-out of the Class, the Debtors or Cerberus may, upon consultation with the Committee, terminate the Settlement, within twenty (20) days after the expiration of the right of Class Members to opt-out of the Class, as set forth below.

15. In the event that any Class Member opts-out, the Settlement Payment shall be reduced by such opting-out Class Member's share of the Common Fund.

16. If settlement checks issued to Eligible Class Members remain uncashed as of the 241st day after the initial distribution (the "Residual Funds") such funds shall be disbursed to the Impact Fund, a nonprofit organization dedicated to employee rights. No portion of the Residual Funds will revert to the Debtors for any reason, or be retained by Class Counsel.

## CLASS COUNSEL'S RECOMMENDATION

17.    Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class.

## NO TAXES WILL BE WITHHELD FROM ANY DISBURSEMENT UNDER THIS SETTLEMENT

18.    All Eligible Class Members who receive a disbursement pursuant to this Settlement will receive an IRS Form 1099 with their WARN Act Settlement payment. No taxes will be withheld, but since WARN damages are considered to be wages, we urge you to consult with a tax adviser to determine the exact amount of taxes due on your WARN Act Settlement, when you receive it.

## CLASS COUNSEL'S FEES

19.    Under the proposed Settlement and subject to final court approval, Class Counsel shall be paid attorneys' fees in the amount of thirty percent (30%) of the Settlement Payment, after deduction of the Service Payments.

20.    You may object to Class Counsel attorneys' fees by filing an objection within the time and in the manner specified below.

## RELEASE OF ALL CLAIMS RELATED TO YOUR TERMINATION AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT

21.    Upon final approval by the Court, the Settlement will result in the dismissal of the Class Action on the merits and with prejudice to all Eligible Class Members, and shall constitute a release by each Eligible Class Member of all claims against the Debtors, their estates and/or Cerberus which relate to or are based on any alleged failure to provide adequate notice under the WARN Act or severance pay or benefits arising out of the termination of an Eligible Class Members' employment by the Debtors whether based on the WARN Act or any other federal, state or local law, regulation or ordinance. However, the following claims are not released: (i) any obligation created by or arising out of this Settlement; (ii) any claims for continuation of health or medical coverage, at the Eligible Class Member's expense, or at the expense of a beneficiary or dependant of an Eligible Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); (iii) any prepetition claims for expense reimbursement; (iv) any prepetition claims arising out of obligations of the Debtors unrelated to the Class Action, the WARN Act, or severance pay or benefits; (v) rights, if any, unrelated to Eligible Class Members' WARN claims, under the Debtors' 401(k) plans; and (vi) any claims which the law clearly states may not be released by settlement.

22.    Any individual proofs of claim filed by any Class Members that assert claims that are released by the Settlement will be deemed withdrawn and will not receive any further distribution or payment.

## HOW TO OBJECT OR OPT-OUT

23.     If you are satisfied with the proposed Settlement including Class Counsel's requested fees and the calculation of your recovery as shown on **Exhibit A hereto,** you need to do nothing and you will receive your share of the Settlement, as set forth on **Exhibit A.**

24.     If, on the other hand, you believe that the proposed Settlement is unfair or inadequate or you dispute any of the amounts shown on Exhibit A, or the information concerning your employment or pay or that Class Counsel's attorneys' fees should not be approved, you may object to the Settlement and/or the attorneys' fees by mailing certified mail, return receipt requested a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection, to the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware, 19801, and by sending copies of that statement, also by certified mail, return receipt requested, to: 1) Kenneth H. Brown, Pachulski Stang Ziehl & Jones, LLP, 150 California Street, 15th Floor, San Francisco, California, 94111; 2) David M. Wissert, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068; 3) Mark T. Power, Hahn & Hessen LLP, 488 Madison Avenue, New York, New York, 10022; and 4) Mary Olsen, The Gardner Firm, P.C., 1119 Government Street, Mobile, AL 36604. **Objections must be received by the above no later than _____ __, 2009, and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement, including attorneys' fees, as described above.**

25.     You may also appear in person or by counsel at the final hearing described below.

26.     If you are a Class Member and if you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may opt-out of the Class by filling out the attached "Opt-Out Form", **and sign and mail that form by certified mail, return receipt requested, to: Mary Olsen, The Gardner Firm, P.C., 1119 Government Street; Mobile, AL 36604. The form must be** <u>received</u> **by Ms. Olsen no later than _____, 2009. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Class.**

## FINAL HEARING TO APPROVE SETTLEMENT AND ATTORNEYS' FEES

27.     The hearing for final consideration and approval of the Settlement, including attorneys' fees to Class Counsel, is scheduled to take place on _____, 2009, at _____ a.m. in Courtroom #__ of the United States Bankruptcy Court for the District of Delaware at 824 North Market Street, 5th Floor, Wilmington, Delaware 19801. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Mary Olsen at the address shown above.

## OTHER INFORMATION

28.     Any questions from members of the Class concerning this Notice or the Class Action should be directed to Mary Olsen at the address shown above.  All requests for more information, including a copy of the Settlement, should be sent by first-class mail to Ms. Olsen to the address indicated above.

29.     While the Court has approved the sending of this Notice, that does not indicate, and is not intended to indicate, that the Court has any opinion as to the respective claims or defenses asserted by the parties in the Class Action.

## PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER

# OPT-OUT FORM

## Marcia Rommel and Lawonda Williams v. Aegis Mortgage Corporation, et

## al., Adversary Proceeding No. 07-51693

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I do not want to participate in the above Class Action and do not wish to receive any benefits

from or be bound by the Settlement described herein.

_____          _____
Signature                                            Address

_____          _____
Name (printed or typed)

_____          _____
Date                                                 Telephone

# Exhibit E

# Settlement Agreement

_____, 2009

Re:     Rommel, et al. v. Aegis Mortgage Corporation, et al.;
        Adv. Pro. No. 07-51693 (BLS)

Dear Class Member:

        We are class counsel in a class action brought on your behalf and on behalf of

other former employees of Aegis to recover amounts owed under the Worker Adjustment and

Retraining Notification Act (the "WARN Act").

        The WARN class action was settled and that settlement was approved by the

Court following Notice to you. The Notice you received concerning the WARN settlement stated

that the amount of your gross recovery was subject to deductions for attorneys fees.

        Enclosed is a check for your share of the WARN class action settlement, net of

attorneys' fees of thirty percent.

        Instead of taxes being withheld, we are also enclosing an IRS Form 1099 because WARN

Act payments are considered to be wages.  We urge you to consult with a tax adviser to

determine the exact amount of taxes due on your WARN Act settlement. **NOTE: No taxes have**

**been withheld from the enclosed settlement check, so it is your responsibility to determine**

**the amount of the taxes you owe.**

        If you have any questions, please call Alex Page of this firm at 1-800-604-6831 or

write to him at the above address.

                Sincerely,

                Mary E. Olsen