IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AEGIS MORTGAGE CORPORATION,[1] et al., | ) Case No. 07-11119 |
| | ) |
| Debtors. | ) |
| | ) Adversary Proceeding No. 07-51693 |
| MARCIA ROMMEL and LAWONDA WILLIAMS, on their own behalf and on behalf of all other persons similarly situated, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AEGIS MORTGAGE CORPORATION, AEGIS WHOLESALE CORPORATION, and CERBERUS CAPITAL MANAGEMENT, L.P., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) **Related to Main Case Docket No. 4514** |
| | **Related Adversary Case Docket No. 25** |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019(A) (1) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS, THE COMMITTEE, CERBERUS CAPITAL MANAGEMENT, L.P. AND THE WARN CLASS PLAINTIFFS, (2) CERTIFYING A CLASS COMPRISED OF TWO SUBCLASSES OF WARN ACT CLAIMANTS FOR SETTLEMENT ONLY; (3) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES; (4)APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE SETTLEMENT, (5) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, AND (6) GRANTING RELATED RELIEF**

The Court has considered the joint motion of the above-captioned debtors and debtors

in possession (the "Debtors"), Cerberus Capital Management, L.P. ("Cerberus"), the Official

---

[1] The Debtors in these cases are: Aegis Mortgage Corporation; Aegis Wholesale Corporation; Aegis Lending Corporation; Aegis Correspondent Corporation; Aegis Funding Corporation; Aegis Mortgage Loan Servicing Corporation; Aegis Loan Servicing, L.P.; AMC Insurance Agency of Texas, Inc.; Solutions Settlement Services of America Corporation; Solutions Title of America Corporation; and Aegis REIT Corporation.

Committee of Unsecured Creditors of the Debtors (the "Committee") and Marcia Rommel and Lawonda Williams (the "Class Representatives") for an Order (1) preliminarily approving the proposed Compromise and Settlement Agreement (the "Settlement Agreement") settling WARN Act class claims and certain other claims; (2) certifying a class ("Class") comprised of two subclasses of WARN Act claimants for settlement only; (3) appointing proposed class counsel as class counsel ("Class Counsel") and Class Representatives; (4) approving the form and manner of notice to members of the Class of the proposed Settlement Agreement and their right to opt-out of the Class and object to the Settlement Agreement; and (5) scheduling a Fairness Hearing to consider the final approval of the Settlement Agreement (the "Joint Motion"). The Court finds that:

1. On February 25, 2009, the Notice of the Joint Motion ("Notice") was served by First Class Mail on the parties listed on the proof of service of the Notice filed herein.

2. The Notice given constituted the best notice practicable under the circumstances, is adequate and no other notice need be given.

3. A full opportunity has been offered to the parties in interest to participate in the hearing on the Joint Motion.

4. The Court finds for purposes of the Class settlement, that Class Counsel has had extensive experience handling class action WARN litigation and have been appointed class counsel in over 40 WARN Act class actions and that the Class Representatives do not have interests antagonistic to those of the Class.

5. The Court finds for the purposes of the Class settlement, that: (i) the Class consisting of two subclasses which consist of 344 and 798 members respectively, is so numerous

2

that joinder of all members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) the claims of the Class Representatives are typical of the claims of the Class; (iv) Lankenau & Miller, LLP and The Gardner Firm, P.C., have fairly and adequately protected the interests of the Class; (v) questions of law or fact common to the members of the Class predominate over any questions effecting only the individual members; and (vi) the class settlement is superior to other available methods of resolving the alleged WARN Act claims and the other claims released in the Settlement Agreement. Therefore, the Class should be certified for settlement purposes only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and Rule 7023 of the Federal Rules of Bankruptcy Procedure, consisting of certain of Debtors' former employees, identified on Exhibits "B" and "C" to the Settlement Agreement, and hereafter referred to as the "Class Members".

6. Notice should be given to all the Class Members, affording them the opportunity to object to the proposed Settlement Agreement and to opt-out of the Class.

7. Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted.

8. The Settlement Agreement should be preliminarily approved.

9. Notice to all individuals identified in Exhibit B and Exhibit C to the Settlement Agreement by first class mail, postage prepaid, at their last known address as indicated in the Debtors' records (and as updated by Class Counsel's searches for current addresses) is

reasonable and the best notice practicable under the circumstances and such mailing should be made by Class Counsel within ten (10) business days following the entry of this Order.

10. The contents of the notice of settlement (the "Class Notice"), along with the Opt-Out Notice Form, annexed to the Settlement Agreement as Exhibits "D" meet the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Class Notice states the nature of the action, and the issues and defenses. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members. The Class Notice also summarizes the terms of the Settlement Agreement, the right of each Class Member to opt-out of the classes or object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Notice informs the Class Members that the Settlement Agreement provides for the release of their Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees. See FED. R. CIV. P. 23(h).

11. A hearing on the final approval of the Settlement Agreement ("Fairness Hearing") should be held no sooner than the earliest date for entry of a binding order under 28 U.S.C. § 1715(a)-(d) so that Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Joint Motion, to opt-out of the Class or to object to the proposed Settlement Agreement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

12. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

13.    The Joint Motion is GRANTED.

14,    The Settlement Agreement is hereby preliminarily approved.

15.    A class comprised of the two subclasses made up of the persons listed on

Exhibits "B" and "C" (the "Class") to the Settlement Agreement is hereby certified for settlement

purposes only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and Rule

7023 of the Federal Rules of Bankruptcy Procedure, with respect to their WARN Act claims against

the Debtors and all other Claims released pursuant to the Settlement Agreement.

16.    Marcia Rommel and Lawonda Williams are appointed as Class

Representatives.

17.    Lankenau & Miller, LLP and The Gardner Firm, P.C. are hereby appointed

Class Counsel.

18.    The form of the Class Notice and the service of the Class Notice and Opt-Out

Notice Form by Class Counsel by first class mail, postage prepaid, to each individual identified in

Exhibit B and Exhibit C to the Settlement Agreement at his or her last known address contained in

the Debtors' records (as updated by Class Counsel's searches for current addresses) is hereby

approved.

19.    The Class Notice shall be mailed by first class mail by Class Counsel to the

individuals identified in Exhibit B and Exhibit C to the Settlement Agreement within ten (10)

business days following the entry of this Order.

20.     Objections or other responses to the final approval of the Settlement

Agreement are to be filed with the Clerk of the Court and mailed to the entities listed in the Class

Notice, via certified mail, return receipt requested so that they are received by all entities no later

than ten (10) days prior to the Fairness Hearing on final consideration and approval of the Settlement

Agreement.

21.     Should a Class Member choose not to be bound by the Settlement, their

completed Opt-Out Notice Forms must be mailed to Class Counsel as listed and described in the

Class Notice, via certified mail, return receipt requested so that they are received by Class Counsel

no later than fifteen (15) days prior to the Fairness Hearing on final consideration and approval of

the Settlement Agreement.

22.     The Court shall conduct a Fairness Hearing on _6/15_, 2009 at _10:30_

_2_.m.

23.     In the event that the Debtors or Cerberus determine that number of Class

Members that opt-out of the Settlement Agreement is greater than fifty (50), they may, upon

consultation with the Committee, elect to terminate the Settlement Agreement by providing written

notice to Lankenau & Miller, LLP within 20 days after the expiration of the right of the Class

Members to opt out of the Settlement Agreement as provided in the Class Notice. If the Debtors or

Cerberus elect to terminate the Settlement Agreement based on the number of opt-outs: (a) the

Settlement Agreement and the recitals contained therein shall be without force or effect, and neither

the Settlement Agreement, nor any of the statements contained therein, shall be admissible in any

proceeding involving the Parties; (b) the findings set forth in paragraphs D and E of this Order shall

be of no force or effect; (c) neither the Joint Motion, nor any of the pleadings filed in support of the Motion shall be admissible in any proceeding involving the parties to the Settlement Agreement; (d) the Debtors, the Committee and Cerberus reserve their rights to object to certification of the Class and the scope of the Class; and (e) the Complaint filed in the above-captioned adversary proceeding and the Individual WARN Claims shall have the same status as they would had this Order not been entered.

24.     Notwithstanding any order of discharge under Chapter 7 of the Bankruptcy Code, any order of confirmation under Chapter 11 of the Bankruptcy Code, or any order of dismissal under Bankruptcy Code section 349, this Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Order.

Dated: March 18, 2009

The Honorable Brendan L. Shannon
United States Bankruptcy Judge