IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AEGIS MORTGAGE CORPORATION,[1] et al.,<br><br>                Debtors.<br><br>MARICIA ROMMEL and LAWONDA WILLIAMS, on their own behalf and on behalf of all other persons similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>AEGIS MORTGAGE CORPORATION, AEGIS WHOLESALE CORPORATION, and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>                Defendants. | Chapter 11<br><br>Case No. 07-11119<br><br>**Related Docket No. 4514**<br>Adversary Proceeding No. 07-51693<br><br>**Related Docket No. 25** |

**Objection Deadline: June 5, 2009 at 4:00 p.m.**
**Hearing Date: June 15, 2009 at 10:30 a.m.**

### FINAL ORDER APPROVING SETTLEMENT BETWEEN THE DEBTORS, CERBERUS CAPITAL MANAGEMENT, L.P., THE COMMITTEE AND THE WARN CLASS PLAINTIFFS

The Court has considered the joint motion dated February 26, 2009 of the above-captioned debtors and debtors in possession ("Debtors"), Cerberus Capital Management, L.P. ("Cerberus"), the Official Committee of Unsecured Creditors of the Debtors ("the Committee") and the WARN Class Plaintiffs for an order approving the proposed Compromise and Settlement

---

[1] The Debtors in these cases are: Aegis Mortgage Corporation; Aegis Wholesale Corporation; Aegis Lending Corporation; Aegis Correspondent Corporation; Aegis Funding Corporation; Aegis Mortgage Loan Servicing Corporation; Aegis Loan Servicing, L.P.; AMC Insurance Agency of Texas, Inc.; Solutions Settlement Services of America Corporation; Solutions Title of America Corporation; and Aegis REIT Corporation.

00233-001\DOCS_SF:62965.5

Agreement (the "Settlement Agreement")[2] settling WARN Act class claims and certain other claims (the "Joint Motion"). The Court finds:

  A. The Court has entered an Order on March 19, 2009 granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for opting-out and objections to be given to all Class Members;

  B. Due notice has been given to the Class of the proposed Settlement Agreement, the right to opt-out of the Class, the right to object to the proposed Settlement Agreement and the right to appear in person or by counsel at the fairness hearing; and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances;

  C. The Court has held a fairness hearing on June 15, 2009 to consider final approval of the Settlement Agreement;

  D. All Class Members who did not exercise the right to opt-out of the Class are bound by this Order and the terms of the Settlement Agreement;

  E. The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure and the nine factor test the Third Circuit developed in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion or Settlement Agreement, as appropriate.

F.  The Settlement Agreement was negotiated at arms length and in good faith, is fair equitable and in the best interests of the Debtors' estates;

G.  Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**IT IS HEREBY ORDERED THAT:**

1.  The Settlement Agreement, attached hereto as Exhibit "1," is APPROVED as fair and reasonable. The parties are authorized to implement its terms.

2.  Effective upon the payment of the Settlement Payment to Class Counsel, any and all claims that have been scheduled on behalf of, or filed by, the Class or the Class Members in these chapter 11 cases, for any alleged failure to provide adequate notice under the WARN Act or arising out of the termination of their employment with the Debtors, whether based on the WARN Act or any other federal, state or local law, regulation or ordinance, including, without limitation, the Individual WARN Claims, are disallowed and expunged in their entirety, including any and all such claims against Cerberus.

3.  Upon the payment of the Settlement Payment to Class Counsel, this Order shall operate as a full and final release and discharge, by all members of the Class, that do not opt-out of the Settlement Agreement, for and on behalf of themselves, and their respective predecessors, successors assigns, (collectively, the "Releasing Parties"), of the Debtors, the Debtors' estates, and Cerberus, their current and former parents, subsidiary and affiliated entities, and their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors,

successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Act or severance pay or benefits arising out of the termination of the employment of the Class or the Class Members by the Debtors, including, but not limited to: (i) all claims asserted or that could have been asserted in the Individual WARN Claims, pursuant to the WARN Act and the Adversary Proceeding Complaint; and (ii) any other claims for severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation; provided, however, that the following claims and/or rights of the Class or Class Members shall not be released by this Order: (a) any claims for continuation of health or medical coverage, at the Class Members expense, or at the expense of a beneficiary or dependant of a Class Member, to the extent required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); (b) any prepetition claims for expense reimbursement; (c) any prepetition claims arising out of obligations of the Debtors unrelated to the WARN Act Litigation, the WARN Act, or severance pay or benefits; (d) rights if any, unrelated to the Class Members WARN claims, under the Debtors' 401(k) plans; and (e) any claims which the law clearly states may not be released by settlement. The claims released hereunder are referred to hereafter as the "Claims." All rights of the Debtors, the Committee and Cerberus to object to,

offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed under the Agreement, are expressly reserved.

4. Upon the Effective Date, Cerberus's claims, demands, liens, actions and causes of action, costs, expenses, attorneys' fees and damages against the Debtors and the Debtors' estates, if any, of whatever kind or nature, at law, in equity and otherwise, for indemnity or contribution arising out of the claims alleged against it in the WARN Action are fully and forever released and discharged.

5. Effective upon payment of the Settlement Payment, the Adversary Proceeding styled *Maricia Rommel and Lawonda Williams, on their own behalf and on behalf of all other persons similarly situated, v. Aegis Mortgage Corporation, Aegis Wholesale Corporation and Cerberus Capital Management, L.P.* which is presently pending in the Bankruptcy Court as Adversary Proceeding No. 07-51693 (BLS), is deemed dismissed with prejudice.

6. Nothing in this Order, the Settlement Agreement or any of the pleadings and papers filed in support of the approval of the Settlement Agreement constitute a waiver of any right of the Debtors, their estates or their successors or assigns, to assert against the persons listed on Exhibits "B" and "C" to the Settlement Agreement any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or nonbankruptcy claims.

7. This Court shall retain jurisdiction, even after the closing of these chapter 11 cases, with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
June 15, 2009

_____
UNITED STATES BANKRUPTCY JUDGE